**Abatement Order filed November 25, 2014**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00168-CR
_____

**LOUIS CHARLES KIRK, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1342735**

## ABATEMENT ORDER

Appellant is represented by appointed counsel, Wilford A. Anderson. On May 23, 2014, time to file appellant's brief expired without a brief and no motion for extension of time was filed. See Tex. R. App. P. 38.6(a). Counsel and the trial court were notified on May 27, 2014, that no brief had been received. No response from appellant was received. On July 22, 2013, we abated this appeal for a hearing to determine the reason for the failure to file a brief.

At the hearing held August 1, 2014, counsel informed the trial court that he "should have it finished in about 45 days." The appeal was reinstated and appellant's brief was set due September 19, 2014. On September 17, 2014, counsel filed an extension of time to file the brief. The motion was granted until October 3, 2014. No brief was filed. Counsel and the trial court were notified on October 9, 2014, that no brief had been received. No response has been filed. As of this date, counsel has had over 180 days to file a brief.

Pursuant to Tex. R. App. P. 38.8(b) (a copy of which is attached) the judge of the 182nd District Court shall (1) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) whether appellant desires to prosecute his appeal; (b) whether appellant is indigent; (c) if not indigent, whether appellant has abandoned the appeal or whether appellant has failed to make necessary arrangements for filing a brief; (d) the reason for the failure to file a brief; (e) if appellant desires to continue the appeal, a date certain when appellant's brief will be filed; and (2) prepare a record, in the form of a reporter's record, of the hearing. If appellant is indigent, the judge shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the trial clerk to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court within thirty days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the

trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

# RULE 38.  REQUISITES OF BRIEFS

**Tex. R. App. P. 38.8. Failure of Appellant to File Brief.**

(b) *Criminal Cases*.

(1) Effect.  An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice.  If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact.  If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing.  In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record—including any order and findings—must be sent to the appellate court.

(4) Appellate Court Action.  Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel.  If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary

arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.